

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOFIA ELENA PAREDES-SIFUENTES, | No. 18-72199 |
| Petitioner, | Agency No. A205-024-269 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2020[**]
San Francisco, California

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Sofia Paredes-Sifuentes, a native and citizen of Mexico, petitions for review

of the decision by the Board of Immigration Appeals ("BIA") dismissing the

appeal of the immigration judge's ("IJ") denial of her applications for withholding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supports the BIA's denial of withholding of removal, because Paredes-Sifuentes failed to establish that she was persecuted on account of her membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1135 (9th Cir. 2016). To succeed on her claim, Paredes-Sifuentes had the burden to establish that her proposed social group of "victims of domestic violence who are unable to escape the relationship"[1] was "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 1131 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Here, Paredes-Sifuentes has not identified any evidence in the record that would compel the conclusion that Mexican society perceives "victims of domestic violence who are unable to escape

---

[1] To the extent that Paredes-Sifuentes is presenting new social groups in her opening brief, we lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also decline to remand this case in light of *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018). *Matter of A-B-* did not change the law regarding particular social groups; instead, it "reiterated the well-established principle that a particular social group must exist independently of the harm asserted, and that the BIA must consider whether a petitioner's social group is cognizable if it is defined without reference to the fact of persecution." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) (citing *Matter of A-B-*, 27 I. & N. at 334-35).

the relationship" as a distinct social group. *See id.* at 1136-38. Accordingly, Paredes-Sifuentes has failed to establish that her proposed social group is cognizable.[2]

2.      Substantial evidence supports the BIA's conclusion that Paredes-Sifuentes can internally relocate in Mexico to avoid any future torture. *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir. 2003). Notably, Paredes-Sifuentes lived for five years in the Sierras without any incident of harm, and she has failed to identify evidence in the record that would compel a conclusion that she would be subjected to torture by her ex-husband upon her return to Mexico. *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010). Moreover, Paredes-Sifuentes has not established she would suffer torture "inflicted by, at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." *Diaz-Reynoso*, 968 F.3d at 1089 (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)).

     **PETITION FOR REVIEW DENIED.**

---

[2] The BIA also found that the proposed social group lacked common, immutable characteristics and was not defined with particularity. Because we conclude that the proposed social group lacks social distinction, we need not address the other requirements.